# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

May 1, 2023

**VIA ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Eli Erlick v. Blaire White*, 23 Civ. 1017 (AT) (SDNY)
      *Joint Letter Pursuant to Judge Torres' February 13, 2023 Order* (ECF No. 7 at ¶ 4.)

Dear Judge Torres:

     Pursuant to Your Honor's Initial Pretrial Scheduling Order, ECF No. 7 at ¶ 4, counsel for Plaintiff Eli Erlick ("Plaintiff") and the undersigned counsel for Defendant Blaire White ("Defendant") respectfully submit this joint letter containing a brief description of the case, motions contemplated by the Parties, and the prospect for settlement. The Parties also attach their Proposed Case Management Plan and Scheduling Order, courtesy copies of which have been emailed to Your Honor's chambers. All counsel apologize for missing the previous deadline to file.

Description of Case:

     This dispute arises out of statements made by Defendant about Plaintiff on Defendant's YouTube channel. Defendant asserts that Plaintiff is a public figure. There is no dispute about whether Defendant made the statements at issue, and there is no dispute that Plaintiff must show actual malice to prevail on Plaintiff's defamation claims against Defendant. Relevant to but not a part of Plaintiff's claims for defamation are statements made by unnamed third parties and repeated by Defendant on Defendant's YouTube channel alleging that Plaintiff had assaulted a specific third party. Defendant also repeated third-party statements asserting that the specific third party later took their own life, which Plaintiff asserts constitutes defamation and defamation *per se* under New York law.

     Pursuant to Your Honor's individual rules, the Parties have already exchanged the first round of pre-motion letters discussing Defendant's anticipated motion to dismiss the Complaint in its entirety. Defendant argues that: (1) Plaintiff is a public figure; (2) Plaintiff has not adequately pled actual malice; (3) Plaintiff has not pled injury; (4) Plaintiff has not properly alleged gross irresponsibility; (5) the allegedly defamatory statement is not about Plaintiff; and (6) Plaintiff has not adequately pled defamation *per se*. Plaintiff argues that: (1) Plaintiff has properly alleged actual malice; (2) Plaintiff has adequately alleged damages; and (3) Defendant's allegedly defamatory statement was made about Plaintiff. Furthermore, Plaintiff argues that, to the extent there are pleading deficiencies in the Complaint, any such deficiencies could be remedied with an amended complaint — which she anticipates filing, but asks the Court to permit the parties to fully explore settlement first, given that all parties believe the talks are promising at present.

# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

Anticipated Motions:

As stated above, Defendant anticipates filing a motion to dismiss. Prior to that, if the settlement discussions do not come to fruition, Plaintiff anticipates amending the complaint as of right.

Prospect for Settlement:

The Parties have engaged in several telephone calls discussing the possibility of a settlement of all claims in this matter. Plaintiff has circulated a written draft memorializing those discussions in a proposed settlement agreement, and Defendant is hopeful that a final settlement agreement may be signed in the near future. In the event the parties are unsuccessful on their own, we believe a referral to the assigned magistrate judge for a conference may be what is needed to bridge the gap, and would ask the Court to make such a referral in 30 days if the parties are not successful on their own.

Finally, given the above, we respectfully ask the Court to delay entering the parties' proposed case management plan for 30 days since the parties believe a settlement may be imminent.

Respectfully,

By: Anderson J. Duff

AJD/jo