# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

May 19, 2023

**VIA ECF & EMAIL**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312
(e) Torres_NYSDChambers@nysd.uscourts.gov

Re:   *Eli Erlick v. Blaire White*, 23 Civ. 1017 (AT) (SDNY)
    *First Pre-Motion Letter Pursuant to Individual Rule III.B of Judge Torres*

Your Honor:

    We represent Defendant Blaire White ("Blaire") in the above-captioned matter. In accordance with Rule III.B.iii of Your Honor's individual rules, this letter identifies deficiencies in the complaint filed in the above-captioned matter (the "Complaint") that warrant dismissal. The Parties have already exchanged an initial round of pre-motion letters and are exchanging revised versions of a written proposed settlement agreement. Defendant files this pre-motion letter to preserve her rights while the Parties continue working toward settlement. As a public figure, Plaintiff enjoys access to a national audience through multiple fora. The substance of the Complaint should be addressed in those fora and not the Southern District of New York.

Plaintiff is a Public Figure

    The first paragraph of the Complaint states that Plaintiff "is an activist, writer, and academic." (Compl. ¶ 1, ECF No. 1.) Although not expressly alleged in the Complaint, the Court may take judicial notice of Plaintiff's frequent appearances on national television, many articles appearing in publications with circulation throughout the country, social media posts with hundreds of thousands of viewers, speaking engagements at prestigious institutions such as Harvard, and numerous activist initiatives. *Force v. Facebook, Inc.*, 934 F.3d 53, 61 (2d Cir. 2019) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). "[P]ublic figures are held to a heightened pleading standard in defamation cases both because of the importance of public debate and because public figures enjoy access to channels of effective communication to rebut allegations against them." *Egiazaryan v. Zalmayev*, No. 11 Civ. 2670(PKC), 2011 WL 6097136, at *3-4 (S.D.N.Y. Dec. 7, 2011). To sufficiently plead a defamation cause of action a public figure like Plaintiff must plausibly allege "(1) a defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party, (4) that was false, (5) made with the actual malice, (6) causing injury, and (7) not protected by privilege." *Id. at *5* (citing *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (1st Dep't 1999); *Albert v. Laksen*, 239 F.3d 256, 265 (2d Cir. 2001)). Plaintiff has not alleged any facts sufficient to show actual malice or injury caused by the allegedly defamatory statements.

Plaintiff Has Not Adequately Pled Actual Malice

# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

To adequately plead that Blaire acted with actual malice, Plaintiff must allege facts that "demonstrate, with convincing clarity, that [Blaire] acted with . . . knowledge that the allegedly defamatory statement was false or with reckless disregard for the truth or falsity of the statement." *Millus v. Newsday, Inc.*, 89 N.Y.2d 840, 843 (1996) (citations omitted). "The burden of proving 'actual malice' requires the plaintiff to demonstrate with clear and convincing evidence that the defendant realized that [their] statement was false or that [they] subjectively entertained serious doubt as to the truth of [their] statement." *Bose Corp. v. Consumers Union of U.S.*, 466 U.S. 485, 511 n.30 (1984). "[T]he actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term." *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657 (1989). "[R]eckless conduct is not measured by whether a reasonably prudent [person] would have published, or would have investigated before publishing." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). "There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of [their] publication." *Id.* Failure to investigate, alone, will not support a finding of actual malice. *Freeman v. Johnston*, 84 N.Y. 52, 58 (1994). In this case, Blaire gave Plaintiff the opportunity to address the subject matter of the Complaint.

As described in the Complaint, Blaire contacted Plaintiff before publishing the allegedly defamatory statements asking for comment on the subject matter. (Compl. ¶¶ 13-20.) Although Plaintiff stated that the allegedly defamatory statements were false, the only support for Plaintiff's assertion provided to Blaire was a link to a Tumblr post authored by Plaintiff. (Compl. ¶ 17.) The Tumblr post, although eloquent, does not contain any information supporting Plaintiff's assertion aside from Plaintiff's word and a few screenshots. The Tumblr post also acknowledges that there were "rumors circulating that they committed suicide."

"To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."'" *Egiazaryan*, 880 F.Supp.2d at 502. (citations omitted). The bare allegations that Plaintiff told Blaire that the allegedly defamatory statement was false and that "[u]pon information and belief, [Blaire] read and understood that Danie was alive" do not permit the conclusion that Blaire entertained serious doubts as to the truth of the allegedly defamatory statements. Plaintiff has not and cannot adequately plead facts showing that Blaire acted with actual malice.

<u>Plaintiff Has Not Adequately Pled Injury</u>

Plaintiff's bare allegations of injury are not sufficient to survive a motion to dismiss. Although Plaintiff alleges "actual pecuniary loss, including lost income, benefits, job security and opportunities for career advancement," ECF No. 1 at ¶ 56, Plaintiff does not allege any facts in support of the allegations. After publication of the allegedly defamatory statements, Plaintiff appeared on *Dr. Phil* twice. On March 2, 2023, half a year after publication of the allegedly defamatory statements, one of Plaintiff's posts on Twitter about an appearance on *Dr. Phil* received more than one hundred thousand views. According to Plaintiff's website, Plaintiff's writing continues to be published in 2023. On January 12, 2023, an episode of *How I Caught My Killer* narrated by Plaintiff premiered on Hulu. Plaintiff has not and cannot adequately plead facts showing that the allegedly defamatory statements injured Plaintiff.

<u>Plaintiff Has Not Properly Alleged Gross Irresponsibility</u>

# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

Were Plaintiff not a public figure or limited purpose public figure, Plaintiff still has not adequately pled defamation under New York law. "[T]he 'protection afforded by the guarantees of free press and speech in the New York Constitution is often broader than the minimum required by' the Federal Constitution." *Immuno AG*, 77 N.Y.2d at 249 (quoting *O'Neil v. Oakgrove Constr.*, 71 N.Y.2d 521, 529, n.3 (1988)). "Under New York law, so long as a defendant can demonstrate that the publication at issue is 'arguably within the sphere of legitimate public concern,' a private figure plaintiff must show that the defendant 'acted in a grossly irresponsible manner' in order to recover." *Naantaanbuu v. Abernathy*, 816 F.Supp. 218, 226 (S.D.N.Y. 1993) (quoting *Chapadeau v. Utica Observer-Dispatch, Inc.*, 38 N.Y.2d 196, 199) (1975)). Plaintiff has not alleged facts showing that Blaire acted in a grossly irresponsible manner. Even if Plaintiff is not a public figure, the Complaint should be dismissed.

### The Allegedly Defamatory Statements are Not About Plaintiff

Plaintiff appears to limit the allegations of defamation to Blaire's statements that a third-party who had alleged that Plaintiff sexually assaulted them later took their own life. (Compl. ¶¶ 18-20, 24, 26-27.) These allegations are not about Plaintiff's conduct. These allegations are about a third party's conduct in response to Plaintiff's alleged conduct. Because the allegedly defamatory aspect of the two statements at issue are not about Plaintiff, the Complaint must be dismissed.

### Plaintiff Has Not Adequately Alleged Defamation *Per Se*

Defamation *per se* "requires statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease, or (iv) imputing unchastity to a woman.'" *Matthews v. Malkus*, 377 F.Supp.2d 350, 357 (S.D.N.Y. 2005)(citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992)). Because Plaintiff has alleged only two defamatory statements and neither falls into one of the four categories enumerated above, Plaintiff's claim for defamation *per se* must be dismissed.

Respectfully submitted,

By: *[signature]*
Anderson J. Duff

AJD/jo