UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Eli Erlick,                                    )
                                               )
                 Plaintiff,                    )          23 Civ. 1017 (AT)
                                               )
         v.                                    )          **Defendant's Memorandum in**
                                               )          **Support of Motion to Dismiss**
Blaire White,                                  )          **Amended Complaint**
                                               )
                 Defendant.                    )
_____)

*PRELIMINARY STATEMENT*...................................................................................................*1*

*STATEMENT OF FACTS*......................................................................................................*1*

*ARGUMENT*.............................................................................................................................*3*

I.     **Plaintiff Fails to Plead Facts Sufficient to Withstand a Motion to Dismiss**................. 4

II.    **Plaintiff is a Public Figure** ........................................................................... 6

III.   **Plaintiff's Allegations Fail to Meet the Heightened Pleading Standard Required of Public Figures in Defamation Cases** ........................................... 7

    A.    Plaintiff Does Not Sufficiently Plead that Blaire Acted with Actual Malice................. 7

    B.    Plaintiff Has Not and Cannot Adequately Plead Injury................................. 9

    C.    Plaintiff Has Not Adequately Alleged Defamation *Per Se* ........................... 11

IV.    **Were Plaintiff Not a Public Figure, Plaintiff Would Still Fail to Adequately Allege Gross Irresponsibility Under New York Law** ....................................... 13

    A.    The Allegedly Defamatory Statements Are About a Matter of Public Concern................ 13

    B.    Plaintiff's Allegations Show that Blaire was Not Grossly Irresponsible...................... 14

V.     **The Allegedly Defamatory Elements of Defendant's Statements are Focused on a Third Party's Response to Plaintiff's Conduct and Not Plaintiff**...................... 15

*CONCLUSION*....................................................................................................................*15*

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..............................................................................4, 5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................4, 5, 6

*Chapadeau v. Utica Observer-Dispatch, Inc.*, 38 N.Y.2d 196 (1975) ...............................15, 16

*Conopco Inc. v. Wells Enter., Inc.*, No. 14 Civ. 2223(NRB), 2015 WL 2330115 (S.D.N.Y. May 14, 2015)..........4, 5, 6

*Dillon v. City of New York*, 704 N.Y.S.2d 1 (1st Dep't 1999) ..................................................9

*Egiazaryan v. Zalmayev*, 880 F.Supp.2d 494 (S.D.N.Y. 2012)...............................................10

*Egiazaryan v. Zalmayev*, No. 11 Civ. 2670(PKC), 2011 WL 6097136 (S.D.N.Y. Dec. 7, 2011).....................3, 8, 9, 18

*Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 Civ. 5105(NRB), 2014 WL 3950897 (S.D.N.Y. Aug. 13, 2014)...................................................................................................................5

*Festa v. Westchester Med. Ctr. Health Network*, 380 F.Supp.3d 308 (S.D.N.Y. 2019) .................6

*Force v. Facebook, Inc.*, 934 F.3d 53 (2d Cir. 2019)..................................................................7

*Freeman v. Johnston*, 84 N.Y.2d 52 (1994).............................................................................9

*Hesse v. Godiva Chocolatier, Inc.*, 463 F.Supp.3d 453 (S.D.N.Y. 2020) ..................................6, 7

*Immuno AG. v. Moor-Jankowski*, 77 N.Y.2d 235 (1991) ...........................................................15

*Liberman v. Gelstein*, 80 N.Y.2d 429 (1992) ...........................................................................13

*Matthews v. Malkus*, 377 F.Supp.2d 350 (S.D.N.Y. 2005).........................................................13

*McGill v. Parker*, 582 N.Y.S.2d 91 (1992).........................................................................15, 16

*Naantaanbuu v. Abernathy*, 816 F.Supp. 218 (S.D.N.Y. 1993) ............................................15, 16

*O'Neil v. Oakgrove Constr.*, 71 N.Y.2d 521 (1988)...................................................................15

*Park v. Park*, 174 N.Y.S.3d 470 (2022)....................................................................................17

*People v. Duffy*, 79 N.Y.2d 611 (1992)......................................................................................14

*Scott v. WorldStarHipHop, Inc.*, No. 10 Civ. 9538(PKC)(RLE), 2012 WL 5835232 (S.D.N.Y. Nov. 14, 2012)..........5

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008).........................................7

*Telebrands Corp. v. Del. Lab., Inc.*, 719 F.Supp.2d 283 (S.D.N.Y. 2010) ...................................5

## RULES

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 10

Fed. R. Civ. P. 8(a)(2)..............................................................................................................5

**STATUTES**

NY Penal § 15.05(3)...................................................................................................................................... 12

## PRELIMINARY STATEMENT

Defendant Blaire White ("Blaire" or "Defendant"), by and through her attorneys, Duff Law PLLC, move this Court to dismiss the Amended Complaint, ECF No. 26, filed by Plaintiff Eli Erlick ("Plaintiff") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

Plaintiff "is an activist, writer, and academic." (Am. Compl., ECF No. 26, at ¶ 1.) Around August 2022, Blaire sent Plaintiff a private message informing Plaintiff that Blaire intended to create and publish a video about Plaintiff. (Am. Compl., ECF No. 26, at ¶ 16.) Blaire's private message to Plaintiff read "Hey Eli, any statement about the allegations of sexual abuse and/or your admitted plan to illegally give children drugs? I'll be doing a video on this. Thanks!" (Am. Compl., ECF No. 26, at ¶ 17.) Plaintiff responded by acknowledging that a third party identified as Danie had made an accusation of sexual abuse against Plaintiff and that Plaintiff had already published a response to that allegation. (Am. Compl., ECF No. 26, at ¶¶ 18, 20.) Plaintiff included a link to that published response in a private message to Blaire. (Am. Compl., ECF No. 26, at ¶ 18.) Plaintiff's published response to Danie's accusation of sexual abuse acknowledged that Plaintiff was aware of "rumors circulating that [the accuser] committed suicide." Eli Erick (elierlick), TUMBLR, https://www.tumblr.com/elierlick/148508951138/response-cw-transmisogyny-abuse-blackmail (last visited Sept. 14, 2023). Plaintiff asserted in her published response that the rumors that Danie had committed suicide were not true. *Id.* Plaintiff acknowledges that Blaire published a correction in an unrelated matter when she discovered she had made a factual error in an unrelated video. (Am. Compl., ECF No. 26, at ¶ 58.)

The Amended Complaint asserts that on or about August 15, 2022, Blaire published a YouTube video about Plaintiff. (Am. Compl., ECF No. 26, at ¶ 45.) Plaintiff alleges that Blaire's video discussed Danie's allegations of sexual abuse against Plaintiff and stated that Danie had since committed suicide. (Am. Compl., ECF No. 26, at ¶¶ 46, 47.) Plaintiff also alleges that Blaire repeated this statement in an August 15, 2022 Twitter post. (Am. Compl., ECF No. 26, at ¶ 66.)

Plaintiff has not alleged that any of Blaire's statements discussing Danie's allegation of sexual abuse against Plaintiff were defamatory, rather, Plaintiff alleges only that Blaire's assertion that Danie had committed suicide after the alleged sexual abuse constituted defamation and defamation *per se*. (Am. Compl., ECF No. 26, at ¶¶ 63-67, 70-86.) Specifically, Plaintiff asserts that the following portions of three statements about Danie committing suicide constitute defamation and defamation *per se*:  "she has since taken her own life[] [s]he has since committed suicide[;]" "the rape victims - if not all the rape victims maybe just the one that committed suicide[;]" and "[o]ne alleged victim even *took her life afterward*." (Am. Compl., ECF No. 26, at ¶¶ 64-66.)

On February 7, 2023, Plaintiff initiated the present action against Blaire asserting claims for defamation (Count I) and defamation *per se* (Count II) arising out of the three statements recited above, each of which states the same assertion of fact with different words, namely, that Danie, who had accused Plaintiff of sexual abuse, took her own life after making that accusation. (Compl., ECF No. 1, at 49-63.) On May 19, 2023, Blaire's undersigned counsel filed a pre-motion letter pursuant to Your Honor's Rule III.B announcing Blaire's intent to file a motion to dismiss. (Def.'s May 19, 2023 Letter, ECF No. 18.) On May 30, 2023, the Court granted Blaire's request to file a motion to dismiss on or before July 10, 2023. (May 30, 2023 Order, ECF No.

19.) On August 31, 2023, Plaintiff filed an Amended Complaint in response to Blaire's motion to dismiss. (Am. Compl., ECF No. 26.) On August 31, 2023, the Court ordered that, by September 14, 2023, Blaire shall either:  (1) file and answer; (2) file a new motion to dismiss in accord with the Court's Individual Practices in Civil Cases; or (3) file a letter with the Court indicating an intent to rely upon the previously filed motion to dismiss. (Aug. 31, 2023 Order, ECF No. 27, at 1.) In accordance with Rule III.B.iv of the Court's Individual Practices in Civil Cases, Blaire hereby moves to dismiss Plaintiff's Amended Complaint.

## ARGUMENT

Defamation under New York law includes the following elements:  "(1) a defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party, (4) that is false, (5) made with the applicable level of fault, (6) causing injury, and (7) not protected by privilege." *Egiazaryan v. Zalmayev*, No. 11 Civ. 2670(PKC), 2011 WL 6097136, at *3 (S.D.N.Y. Dec. 7, 2011) (citations omitted). "[P]ublic figures must allege both the falsity of challenged statements and that they were made with 'actual malice,' that is, with knowledge of falsity or reckless disregard for the truth." *Id.* (citations omitted). Public figures must meet this heightened burden to protect public debate, because they have thrust themselves into the public eye, and because a public figure will "usually enjoy significantly greater access to the channels of effective communication and hence have a more realistic opportunity to counteract false statements than private individuals normally enjoy." *Id.* at *4 (citation omitted).

Plaintiff is a public figure who, by her own description, thrust herself onto a national stage as a political activist. Plaintiff's writing, commentary, and actions have all been featured in myriad national media for several years, including after the allegedly defamatory statements were published. Plaintiff has utilized her status as a public figure to crowdfund nearly $20,000 to

bring this lawsuit. Eli Erlick, *We're Suing Blaire White*, GOFUNDME,

https://www.gofundme.com/f/were-suing-blaire-white (last visited Sept. 14, 2023). Plaintiff has

not and cannot plead facts sufficient to show defamation or defamation *per se* for a private figure

and falls far short of the heightened requirements for a public figure like herself. Plaintiff's

grievance should be resolved through public debate and not the United States District Court for

the Southern District of New York. Indeed, Plaintiff began utilizing her status as a public figure

to do just that before filing this action. Eli Erlick (@EliErlick), Twitter (Dec. 31, 2022),

https://twitter.com/EliErlick/status/1609252826944782337 (last visited Sept. 14, 2023).

**I.      Plaintiff Fails to Plead Facts Sufficient to Withstand a Motion to Dismiss**

      To withstand a motion to dismiss, Plaintiff's "[f]actual allegations must be enough to

raise a right of relief above the speculative level." *Conopco Inc. v. Wells Enter., Inc.*, No. 14 Civ.

2223(NRB), 2015 WL 2330115, at *2 (S.D.N.Y. May 14, 2015) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 Civ. 5105(NRB), 2014 WL 3950897, at

*7 (S.D.N.Y. Aug. 13, 2014). If Plaintiff has "not nudged [its] claims across the line from

conceivable to plausible," the Complaint must be dismissed. *Conopco*, 2015 WL 2330115, at *2

(citing *Twombly*, 550 U.S. at 570); *see also Telebrands Corp. v. Del. Lab., Inc.*, 719 F.Supp.2d

283, 289 (S.D.N.Y. 2010). Rule 8(a)(2) of the Federal Rules of Civil Procedure, "which governs

pleadings that state claims, requires that pleadings 'show' the pleader's entitlement to relief . . .

." *Erickson*, 2014 WL 3950897, at *3 (citing *Scott v. WorldStarHipHop, Inc.*, No. 10 Civ.

9538(PKC)(RLE), 2012 WL 5835232, at *3 (S.D.N.Y. Nov. 14, 2012)). A plaintiff's allegations

are required to show "more than a sheer possibility that a defendant has acted unlawfully" to

survive a motion to dismiss. *Erickson*, 2014 WL 3950897, at *7 (citing *Iqbal*, 556 U.S. at 678).

The Supreme Court recognizes that the language in *Twombly* should not be read to mean that a

"wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 550 U.S. at 561. "[B]efore proceeding to discovery, a complaint must allege facts suggestive of illegal conduct." *Twombly*, 550 U.S. at 563, n.8. "This pleading standard applies to 'all civil actions.'" *Conopco*, 2015 WL 2330115, at *2 (citing *Iqbal*, 556 U.S. at 684 (internal quotation marks omitted)). Even good legal conclusions must be supported by well-pled factual allegations. *Iqbal*, 556 U.S. at 678. While a court considering a motion to dismiss for failure to state a claim should assume the veracity of well-pled factual allegations, those allegations must provide more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

"At the motion-to-dismiss stage, the Court's review is limited to the facts as-pleaded by the plaintiff, documents appended to or referred to in the complaint, and 'to matters of which judicial notice may be taken.'" *Hesse v. Godiva Chocolatier, Inc.*, 463 F.Supp.3d 453, 462 (S.D.N.Y. 2020) (quoting *Festa v. Westchester Med. Ctr. Health Network*, 380 F.Supp.3d 308, 314 (S.D.N.Y. 2019)). "Courts have also taken judicial notice of materials in the public record, such as federal copyright registrations, newspaper articles, and regulatory filings—all for the limited purpose of noting what the documents state, rather than to 'prove the truth of their contents.'" *Id.* (citations omitted).

Plaintiff's allegations fail to raise her asserted rights of relief above the speculative level. To the contrary, the allegations in the Complaint demonstrate that Plaintiff cannot adequately plead a claim for defamation or defamation *per se*. The Court may take judicial notice of

Plaintiff's online publications, which illustrate the wisdom of settling disputes like Plaintiff's through public debate rather than litigation.

## II.     Plaintiff is a Public Figure

The first paragraph of the Amended Complaint states that Plaintiff "is an activist, writer, and academic." (Am. Compl., ECF No. 26, at ¶ 1.) The Court may take judicial notice of Plaintiff's frequent appearances on national television, many articles appearing in publications with circulation throughout the country, social media posts with hundreds of thousands of viewers, speaking engagements at prestigious institutions such as Harvard, and numerous activist initiatives. *Force v. Facebook, Inc.*, 934 F.3d 53, 61 n.8 (2d Cir. 2019) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[I]t is proper to take judicial notice of the *fact* that press coverage . . . contained certain information, without regard to the truth of their contents.")). Plaintiff's wide-ranging success as an activist, writer, and academic are described on Plaintiff's website. Eli Erlick, *About Eli*, https://elierlick.com/about/ (last visited Sept. 14, 2023). Plaintiff's website states that Plaintiff is "an internationally celebrated author, activist, and public speaker." Eli Erlick, https://elierlick.com/ (last visited Sept. 14, 2023). Plaintiff's website states that Plaintiff "co-founded Trans Student Educational Resources (TSER)," which is one of the largest transgender organizations in the country. *Id.* Plaintiff "has appeared in hundreds of media outlets ranging from the New York Times to The Economist to Time Magazine." Eli Erlick, *About Eli*, https://elierlick.com/about/ (last visited Sept. 14, 2023). Plaintiff is "currently completing her PhD in Feminist Studies and History of Consciousness at the University of California, Santa Cruz." *Id.* As alleged in the Amended Complaint and shown on Plaintiff's website, Plaintiff has purposefully courted and received media attention as an activist, writer, and academic. Plaintiff's access to national media outlets provides multiple fora in which Plaintiff could address the allegedly defamatory speech described in the Amended

Complaint without using scarce judicial resources. Plaintiff's status as a public figure also informs the analysis of the defamation claims asserted and highlights their deficiencies.

### III. Plaintiff's Allegations Fail to Meet the Heightened Pleading Standard Required of Public Figures in Defamation Cases

"[P]ublic figures are held to a heightened pleading standard in defamation cases both because of the importance of public debate and because public figures enjoy access to channels of effective communication to rebut allegations against them." *Egiazaryan*, 2011 WL 6097136, at *3-4. To plead a defamation cause of action a public figure like Plaintiff must plausibly allege "(1) a defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party, (4) that was false, (5) made with the actual malice, (6) causing injury, and (7) not protected by privilege." *Id.* at *5; *see also Dillon v. City of New York*, 704 N.Y.S.2d 1, 5, 7 (1st Dep't 1999).

#### A. Plaintiff Does Not Sufficiently Plead that Blaire Acted with Actual Malice

To adequately plead that Blaire acted with actual malice, Plaintiff must plausibly allege that Blaire "in fact entertained serious doubts as to the truth of [her] publication." *Egiazaryan*, 2011 WL 6097136, at *5. "[O]nly those false statements made with [a] high degree of awareness of their probably falsity . . . may be the subject of either civil or criminal sanctions." *Id.* "It is not enough to allege that the defendant intended to inflict harm; the defendant must intend to inflict harm through falsehood." *Id.* Failure to investigate, alone, will not support a finding of actual malice. *Freeman v. Johnston*, 84 N.Y.2d 52, 58 (1994).

In this case, Blaire gave Plaintiff the opportunity to address the subject matter of the Complaint before publication of the allegedly defamatory statements. Blaire contacted Plaintiff before publishing the allegedly defamatory statements and asked Plaintiff to comment. (Am. Compl., ECF No. 26, at ¶¶ 16-19.) Although Plaintiff stated that the allegedly defamatory statements were false, the only support for Plaintiff's assertion provided to Blaire was a link to a

Tumblr post authored by Plaintiff. (Am. Compl., ECF No. 26, at ¶ 21.) Plaintiff alleges that "[t]he top of the post . . . indicates that Danie was alive." (Am. Compl., ECF No. 26, at ¶ 22.) The Tumblr post, although eloquent, does not contain any information supporting Plaintiff's assertion aside from Plaintiff's word and a few screenshots. The Tumblr post, published years before the allegedly defamatory statements, also acknowledges that there were "rumors circulating that they committed suicide." Eli Erick (elierlick), TUMBLR, https://www.tumblr.com/elierlick/148508951138/response-cw-transmisogyny-abuse-blackmail (last visited Sept. 14, 2023).

     "To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."'" *Egiazaryan v. Zalmayev*, 880 F.Supp.2d 494, 502 (S.D.N.Y. 2012) (citations omitted). The bare allegations that Plaintiff told Blaire that the allegedly defamatory statement was false and that "[u]pon information and belief, [Blaire] read and understood that Danie was alive" do not permit the conclusion that Blaire entertained serious doubts as to the truth of the allegedly defamatory statements. Plaintiff has not and cannot plead facts showing that Blaire acted with actual malice. Plaintiff's Amended Complaint alleges that "a journalist would confirm that the person *is, in fact, dead*" before publishing a statement that they had taken their own life. (Am. Compl., ECF No. 26 at ¶ 27.) These new allegations in the Amended Complaint are legally irrelevant because failure to investigate alone will not support a finding of actual malice. Plaintiff alleges that "[t]here are many ways to confirm" whether someone is or is not alive. (Am. Comp., ECF No. 26 at ¶ 28.) When Blaire asked Plaintiff to comment on the matter, however, Plaintiff did not provide Blaire with anything other than Plaintiff's own self-

serving publication that stated Danie was alive. Blaire's unwillingness to take Plaintiff at her

word does not show that Blaire acted with actual malice.

### B.      Plaintiff Has Not and Cannot Adequately Plead Injury

Plaintiff's bare allegations of injury are not sufficient to survive a motion to dismiss.

Although Plaintiff alleges "actual pecuniary loss, including lost income, benefits, job security

and opportunities for career advancement," ECF No. 26 at ¶ 77, Plaintiff does not allege any

facts in support of those allegations. Instead, Plaintiff's Amended Complaint repeats conclusory

statements contradicted by publicly available information about Plaintiff. For example, the

Amended Complaint alleges that Plaintiff "has suffered harm as a result of [Blaire's] statements,

including, but not limited to significant (so-called 'garden variety') emotional distress and facing

increased (disgusting, hateful, and violent) harassment from people who believed [Blaire's]

statement that Ms. Erlick caused Danie's death." (Am. Compl., ECF No. 26 at ¶ 69.) Plaintiff

also alleges that Blaire's allegedly defamatory "statements have harmed [Plaintiff]'s professional

reputation and standing in her industry, have caused her economic harm, have caused her to

incur special damages in the form of actual pecuniary loss, including lost income, benefits, job

security and opportunities for career advancement, and have caused her embarrassment

humiliation and emotional injury." (Am. Comp., ECF No. 26 at ¶ 77.)

Plaintiff's conclusory assertions that she has suffered emotional distress and faced

harassment are not sufficient to sustain a claim for defamation, and Plaintiff's conclusory

allegations that she suffered "lost income, benefits, job security and opportunities for career

advancement" are not only unsupported by any facts alleged in the Amended Complaint, they are

contradicted by publicly available information about Plaintiff showing that she has continued to

enjoy professional success since the allegedly defamatory statements were made.

"Where . . . a plaintiff has not sustained special damages, i.e., '"the loss of something having economic or pecuniary value"'. . . , liability cannot be imposed with respect to a defamation cause of action based on slanderous statements unless the underlying slanderous statements fall within one of the 'four established exceptions' to the rule requiring special damages for such a cause of action[.]" *Cavallaro v. Pozzi*, 814 N.Y.S.2d 462, 465 (2006) (citations omitted). Plaintiff has not pled any facts supporting the conclusory allegations that she suffered loss of income, benefits, or job security. Plaintiff cannot plead any such facts because publicly available information demonstrates that Plaintiff has continued to enjoy professional and academic success since publication of the allegedly defamatory statements.

After publication of the allegedly defamatory statements, Plaintiff appeared on Dr. Phil twice. Dr. Phil, *Psychiatrist Says Schools Shouldn't Be Required to Tell Parents if Child Assumes a Different Gender Identity*, (Sept. 16, 2022), https://www.drphil.com/videos/psychiatrist-says-schools-shouldnt-be-required-to-tell-parents-if-child-assumes-a-different/ (last visited July 10, 2023); Dr. Phil, *Detransitioning:  Is This a Growing Phenomenon?* (Mar. 2, 2023), https://www.drphil.com/shows/detransitioning-is-this-a-growing-phenomenon/ (last visited July 10, 2023). On March 2, 2023, half a year after publication of the allegedly defamatory statements, one of Plaintiff's posts on Twitter about an appearance on Dr. Phil received more than one hundred thousand views. Eli Erlick (@EliErlick), Twitter (Mar. 2, 2023), https://twitter.com/EliErlick/status/1631427591507771393 (last visited Sept. 14, 2023). According to Plaintiff's website, Plaintiff's writing continues to be published in 2023. Eli Erlick, *Selected Writing*, https://elierlick.com/writing/ (last visited Sept. 14, 2023). On January 12, 2023, an episode of How I Caught My Killer narrated by Plaintiff premiered on Hulu. Eli Erlick

(@EliErlick), TWITTER (Jan. 12, 2023),

https://twitter.com/EliErlick/status/1613650476930670599 (last visited Sept. 14, 2023).

Plaintiff's conclusory allegations that Blaire's allegedly defamatory statements harmed
Plaintiff's reputation are insufficient and contradicted by Plaintiff's success since publication of
the allegedly defamatory statements. Plaintiff has not and cannot adequately plead facts showing
that the allegedly defamatory statements injured Plaintiff. Instead, Plaintiff argues that the
allegedly defamatory statements at issue fall into one of the four categories recognized as
defamation *per se* in New York. *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992) ("The four
established exceptions (collectively "slander per se") consist of statements (i) charging plaintiff
with a serious crime; (ii) that tend to injure another in his or her trade, business or profession;
(iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman[.]").

### C.  Plaintiff Has Not Adequately Alleged Defamation *Per Se*

Defamation per se "requires statements (i) charging plaintiff with a serious crime; (ii) that
tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a
loathsome disease, or (iv) imputing unchastity to a woman.'" *Matthews v. Malkus*, 377 F.Supp.2d
350, 357 (S.D.N.Y. 2005) (citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992)).

Plaintiff's Amended Complaint attempts to circumvent her lack of injury by inaccurately
asserting that the allegedly defamatory statements accused Plaintiff of a "serious crime." (Am.
Compl., ECF No. 26 at ¶ 84-86.) Specifically, Plaintiff contends that Blaire's allegedly
defamatory statements "constitute defamation per se because ***causing the death of another
constitutes a serious crime***." (emphasis in original) (Am. Compl., ECF No. 26 at ¶ 85.) Plaintiff
further alleges that "[t]he crime Plaintiff accused Defendant of [sic] would be, at a minimum,
manslaughter, if not murder or some form of murder." (Am. Comp., ECF No. 26 at ¶ 86.)

Plaintiff does not cite to any criminal statute or explain how the allegedly defamatory statements accuse Plaintiff of committing a serious crime.

Under New York law, "[a] person is guilty of manslaughter in the second degree when: (1) he recklessly causes the death of another person; or . . . (3) he intentionally causes or aids another person to commit suicide." NY Penal § 125.15. The relevant statute states that "[a] person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." NY Penal § 15.05(3). The allegedly defamatory statements recited in the Amended Complaint do not meet even this standard for manslaughter in the second degree. Plaintiff does not allege that Blaire's references to sexual assault allegations are defamatory. Plaintiff's defamation claims are limited to the statements asserting that a third party later committed suicide after an abusive relationship with Plaintiff. Such statements do not come close to the threshold required to find a party guilty of manslaughter in the second degree. *People v. Duffy*, 79 N.Y.2d 611, 613-16 (1992) ("Generally speaking, a person will not be held criminally accountable for engaging in conduct which results in another person's death unless it can be demonstrated that his actions were 'an actual contributory cause of death, in the sense that they "forged a link in the chain of causes which actually brought about the death[.]"'" *Id.* at 616.

Because the allegedly defamatory statements identified in the Complaint do not charge Plaintiff with a crime, impute unchastity, assert that Plaintiff has a loathsome disease, or tend to

injure Plaintiff in her trade, business, or profession, Plaintiff has not and cannot adequately plead

facts giving rise to defamation *per se*.

## IV.     Were Plaintiff Not a Public Figure, Plaintiff Would Still Fail to Adequately Allege Gross Irresponsibility Under New York Law

Assuming *arguendo* that Plaintiff is not a public figure or limited purpose public figure,

Plaintiff has not adequately pled defamation under New York law. "[T]he 'protection afforded by

the guarantees of free press and speech in the New York Constitution is often broader than the

minimum required by' the Federal Constitution." *Immuno AG. v. Moor-Jankowski*, 77 N.Y.2d

235, 249 (1991) (quoting *O'Neil v. Oakgrove Constr.*, 71 N.Y.2d 521, 529, n.3 (1988)). "Under

New York law, so long as a defendant can demonstrate that the publication at issue is 'arguably

within the sphere of legitimate public concern,' a private figure plaintiff must show that the

defendant 'acted in a grossly irresponsible manner' in order to recover." *Naantaanbuu v.

Abernathy*, 816 F.Supp. 218, 226 (S.D.N.Y. 1993) (quoting *Chapadeau v. Utica Observer-

Dispatch, Inc.*, 38 N.Y.2d 196, 199 (1975)); *see also McGill v. Parker*, 582 N.Y.S.2d 91, 97

(1992). "Issues of public concern are those 'reasonably related to matters warranting public

exposition.'" *Id.* (quoting *Chapadeau*, 38 N.Y.2d at 199).

### A.     The Allegedly Defamatory Statements Are About a Matter of Public Concern

Plaintiff is an activist, writer, and academic who years before this lawsuit publicly

addressed "rumors circulating" making the same assertion Plaintiff claims is defamatory in this

action. Eli Erick (elierlick), TUMBLR, https://www.tumblr.com/elierlick/148508951138/response-

cw-transmisogyny-abuse-blackmail (last visited Sept. 14, 2023). Plaintiff's public discussion of

the allegedly defamatory rumors is a tacit admission that the allegedly defamatory statements

named in the Complaint are within the sphere of legitimate public concern.

In *McGill*, the First Department held that "[w]hile plaintiffs suggest that defendants are not entitled to the protection of the public concern privilege because of their 'extremist animal rights agenda,' it is beyond dispute that it is the subject of the communication, not the particular viewpoint expressed, that determines whether a matter is of public concern." 582 N.Y.S.2d at 96 (citations omitted). "Nor, for that matter, are the objectives of the party making the communication determinative." *Id.* In this case, Blaire's political disagreements with Plaintiff are immaterial to the question of whether the allegedly defamatory statements were made about a matter of public concern.

In *Naantaanbuu*, the Southern District of New York recognized that "there are those who feel that [Dr. Martin Luther] King[, Jr.]'s private life bears on his public life[,]" which made King's behavior in a private setting "a matter of public interest[.]" 816 F.Supp. at 226. Like Dr. King, Plaintiff is an activist and, even before Blaire published the allegedly defamatory statements, so many people were discussing the allegedly defamatory statements later repeated by Blaire that Plaintiff publicly addressed them. Because the allegedly defamatory statements concerned an issue within the sphere of legitimate public concern, Plaintiff must plausibly allege that Blaire was grossly irresponsible when publishing such statements.

### B.    Plaintiff's Allegations Show that Blaire was Not Grossly Irresponsible

Plaintiff has not alleged facts showing that Blaire acted in a grossly irresponsible manner. "The 'standard of "gross irresponsibility" demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy[.]'" *Park v. Park*, 174 N.Y.S.3d 470, 471 (2022) (citations omitted). Plaintiff's acknowledges in the public statement she issued years before Blaire published the allegedly defamatory statements that third parties were making the same statements. Prior to publication, Blaire reached out to Plaintiff for clarification and received only Plaintiff's word that those statements about Danie were untrue.

Plaintiff's allegations show that Blaire's publication of the allegedly defamatory statements does not rise to the level of gross irresponsibility. Even if Plaintiff is not a public figure, the Complaint should be dismissed.

**V.     The Allegedly Defamatory Elements of Defendant's Statements are Focused on a Third Party's Response to Plaintiff's Conduct and Not Plaintiff**

Plaintiff limits the allegations of defamation to Blaire's statements about a third-party who previously alleged that Plaintiff sexually assaulted them and later took their own life. (Am. Compl., ECF No. 26, at ¶¶ 22-24, 46-47.) Plaintiff does not allege that the statements concerning sexual assault are defamatory and limits her claims of defamation to Blaire's statements that the named victim had "taken her own life" as a result. (Am. Compl., ECF No. 26 at ¶ 72.)

To plead a defamation cause of action, a public figure like Plaintiff must plausibly allege "(1) a defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party, (4) that was false, (5) made with the actual malice, (6) causing injury, and (7) not protected by privilege." *Egiazaryan*, 2011 WL 6097136, at *5. The allegedly defamatory statements are focused on a third party's conduct in response to Plaintiff and are not "regarding the plaintiff." The allegedly defamatory statements concern Plaintiff only insofar as they may be interpreted as illustrating the severity of the abuse attributed to Plaintiff by third parties and in statements made by Blaire that Plaintiff does not allege are defamatory. Because the allegedly defamatory aspect of the three statements at issue centers on a third party's response to Plaintiff's conduct and not Plaintiff's conduct, Plaintiff has failed to sufficiently allege that the allegedly defamatory statements are regarding the Plaintiff. For this reason, Plaintiff's claims should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that all of Plaintiff's claims be dismissed with prejudice.

Date:   New York, New York                                        DUFF LAW PLLC
        September 14, 2023

                                        By:   /s/ Anderson J. Duff
                                              Anderson J. Duff (AD2029)
                                              43-10 Crescent St. Ste. 1217
                                              New York, New York 11101
                                              (t) 646.450.3607
                                              (e) ajd@hoganduff.com
                                              *Attorneys for Defendant*
                                              *Blaire White*

16

## CERTIFICATE OF SERVICE

The undersigned served copies of Defendant's Motion to Dismiss Plaintiff's Complaint and Defendant's Memorandum in Support of Defendant's Motion on Plaintiff via ECF.

/Anderson J. Duff/
Anderson J. Duff