

April 3, 2023

Anderson J. Duff
Duff Law PLLC
4310 Crescent St., Ste 1217
Long Island City, NY 11101

By Electronic Mail

    Re:    Pre-Motion Letter in Case No. 23-cv-1017 (AT), <u>Erlick v. White</u>

Dear Anderson:

    As you know, my firm and I represent the plaintiff in the case above.  I write in response to your March 20, 2023 letter ("Letter") in keeping with the requirements of Judge Torres's Rules (with the agreed-upon extension) you and I have discussed.

    As we have discussed, we are looking into whether settlement is possible, and I believe that moving further along the motion to dismiss track is probably best saved for after a draft (which we have also discussed — but I want to commemorate in writing).  On the merits of your proposed motion, we believe there are a handful of amendments, described in general terms below, that may at least focus the arguments on any motion, such that we are arguing over whether (for example) our theory of actual malice actually tracks.  But in broad strokes, we are probably not on the same page.

    **I. Ground Level Defamation Issues.**

    Serving the purpose Judge Torres's Rules are intended to, we are not disputing whether Plaintiff (or Defendant) is a public figure — although we're less than sure it's even relevant.  The only substantive effect of Plaintiff being a public figure is that the "actual malice" standard applies — but it applies anyway as a matter of substantive New York law, since we would be hard pressed to argue that the three statements at issue (Dkt. No. 1 ¶¶ 44-46) were not made "in a place open to the public or a public forum" or that causing the death of another person is not "an issue of public interest."  *See* N.Y. Civ. R. L. 76-a.

    So, we agree on the standard that applies — hence our pleading the case as an actual malice case.

    **II. Actual Malice.**

    Where we part company is on whether the allegations here suffice to draw an inferential conclusion of actual malice.  While you are right, of course, that "[f]ailure to investigate, alone, will not support a finding of actual malice" (Letter at 2), that's not what we alleged.  Rather, we alleged a large array of circumstantial evidence that all add up to an inference — and there is no dispute that



actual malice can be shown through a collection of "circumstantial evidence" (*Celle v Filipino Reporter Enters.*, 209 F3d 163, 183 (2d Cir 2000) — that Ms. White knew Danie *was alive*. Those included:

- Ms. White had a general pattern and practice of making things up (Dkt. No. 1 ¶¶ 32-41) (see also, note 1 below);

- Ms. White had read the Tumblr post and understood that it meant Danie was alive (*id.* ¶¶ 14-24);

- Ms. White did not even look into whether Danie was alive after reading that she was (*id.*);

- Danie had recanted *all* of the allegations, as of the date of the post, which Ms. White knew from the post.

Beyond that, we intend — if we move forward — to amend to add a little more detail about what was contained in the Tumblr post. In amending, we would add:

- Danie admitted that she engaged in "chronic lying," and that screenshot was something Ms. White saw before publishing (*accord St. Amant v Thompson*, 390 US 727, 732 (1968) (noting actual malice "may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports"));

- That chronic lying was extensive, and something Danie described as "a form of survival" in their life, and spoke about how they "lied [them]self into" various situations;

- Danie threatened to publicly accuse Ms. Erlick of rape if she (Erlick) did not give them (Danie) money, and Ms. Erlick offered to send that screenshot to anyone who asked.

If we do not settle, we also intend to amend to add other public — and easily accessible — sources for anyone who wanted to figure out whether Danie was alive.

This point also addresses the gross irresponsibility argument — the same theories, of course, satisfy both tests, and in fact the "gross irresponsibility standard is more lenient than the actual malice standard." *Verdi v Dinowitz*, 2023 NY Slip Op 30300[U], *15 (Sup Ct, NY County 2023). Although, that said, Ms. White is not a journalist, she is a political troll — so, much like a pop star, she is "is not a media publication, broadcaster or journalist responsible for observing the standards of information gathering and dissemination ordinarily followed by responsible parties." *Gottwald v Sebert*, 193 AD3d 573, 579 (1st Dept 2021).[1]

---

[1] That said, we will amend to plead an alternative theory, given that you are highlighting this. Specifically, *if* Ms. White wants to be treated as a journalist — and receive the gross irresponsibility protections that come with that — she must be "responsible for observing the standards of information gathering and dissemination ordinarily followed by responsible parties." *Id.* And reporting that a person who is still alive



Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



### III. Damages.

I am a bit at a loss at your damages arguments.  As the Complaint explains, "causing the death of another constitutes a serious crime."  Dkt. No. 1 ¶ 63.  Your argument on this does not really address that fact — but I would appreciate understanding it better before you make a motion, so that perhaps we can fill out whatever it is you believe is missing in the complaint.

We are also more than happy to expand the allegations on specific harms, but those are really damages issues — and as we have discussed, Ms. Erlick has faced death and rape threats because of what Ms. White said (among other things).

### IV. Of and Concerning.

This argument too puzzles me.  As the Complaint explains, the thrust and gist of all of the statements at issue "is that Plaintiff caused Danie's death."  Dkt. No. 47 ¶ 47.  Your argument on the "of and concerning" piece doesn't cite any cases, and I'm aware of none, where saying "Person A *caused* XYZ" was not "of and concerning" XYZ.  The whole point — as Ms. White herself emphasized — is that to say that Ms. Erlick *caused* Danie's (non-)death.  That is obviously *about* Ms. Erlick.  Again, however, I would appreciate understand more of what the idea here is before you make a motion, so that if there is a serious argument, we can amend to address it.

As set out above, there are a few things we would amend to address if we move forward.  Let's discuss a timetable to do so, but after we try to put pen to paper on settlement.  I will be sending a draft in the next few days.

Yours, &c.,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

---

was killed — based on, essentially, nothing more than the say so of a far right forum troll — falls so far beneath any professional standard as to probably be a kind of *res ipsa* gross irresponsibility.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com