UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eli Erlick,<br><br>        Plaintiff,<br><br>v.<br><br>Blaire White,<br><br>        Defendant. | 23 Civ. 1017 (AT)<br><br>**Defendant's Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law Opposing Plaintiff's Cross Motion for Leave to File a Second Amended Complaint** |

**PRELIMINARY STATEMENT**

On September 14, 2023, Defendant Blaire White ("Blaire" or "Defendant"), by and through her attorneys, Duff Law PLLC, moved this Court to dismiss the First Amended Complaint ("FAC"), ECF No. 26, filed by Plaintiff Eli Erlick ("Plaintiff") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Def.'s Mot. Dismiss FAC, ECF No. 28.) On October 27, 2023, Plaintiff filed a cross-motion seeking leave to file a Second Amended Complaint ("SAC") as well as a Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Cross Motion for Leave to File a Second Amended Complaint. (Pl.'s Mot. SAC, ECF No. 34; Pl.'s Mem. Opp'n Def.'s Mot. Dismiss FAC ("Pl.'s Mem."), ECF No. 35.) Defendant submits this combined Reply in Support of her pending Motion to Dismiss Plaintiff's FAC and Memorandum Opposing Plaintiff's Motion for Leave to File a Second Amended Complaint.

**DEFENDANT'S REPLY**

Plaintiff concedes that she is a public figure, the allegedly defamatory statements about her concerned a matter of public interest, and she must show that Blaire acted with actual malice to prevail on the claims for defamation *per quod* and defamation *per se* asserted in the FAC. (Pl.'s Mem., ECF No. 35 at 11.) In arguing that the FAC adequately pleads facts showing Blaire acted with actual malice, Plaintiff's memorandum, like the FAC, frequently relies on conclusory statements and conjecture. The FAC's reliance on such allegations is a fatal defect unrepaired by their repetition in Plaintiff's memorandum. For example, Plaintiff's memorandum asserts in its preliminary statement that Blaire "accused [Plaintiff] of killing someone who [Blaire] knew was still alive." (Pl.'s Mem., ECF No. 35 at 5.) Inaccurate hyperbole like this fails to engage with Blaire's legal arguments, misstates the facts alleged in the FAC, incorrectly describes relevant

1

caselaw, and argues that Blaire has waived at least one argument squarely addressed in Blaire's Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's FAC.

I. **Blaire Had No Duty to Investigate Before Publishing**

Plaintiff's memorandum repeatedly and without support argues that even a "self-described journalist" could easily confirm that a person had died before publishing news of their death and that Blaire had a legal obligation to verify that Danie, the third-party subject of the three allegedly defamatory statements, was dead. (Pl.'s Mem., ECF No. 35 at 5, 8, 10, 13-14.) Plaintiff argues that "any journalist would confirm that the person *is, in fact, dead*" before reporting on a death. (Pl.'s Mem., ECF No. 35 at 8.) Plaintiff argues that "[f]or a journalist not to, that would be the equivalent of willfully blinding one's self to the truth . . . ." (Pl.'s Mem., ECF No. 35 at 8.) According to Plaintiff, the methods that "[a]ny journalist would" use to verify that a person was deceased "includ[es], but [is] not limited to checking voter registrations, checking social media, and checking death rolls." (Pl.'s Mem., ECF No. 35 at 8.) Plaintiff's position misstates the law and illustrates the FAC's reliance on conclusory allegations that are unmoored to reality.

As stated in Blaire's Memorandum in Support of her Motion to Dismiss Plaintiff's FAC, a failure to investigate the veracity of a statement before publishing it does not, by itself, support a finding of actual malice. *Freeman v. Johnston*, 84 N.Y.2d 52, 58 (1994) (citation omitted). (Def.'s Mem. Supp. Mot. Dismiss FAC, ECF No. 29 at 11.) The case law is "clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of [their] publication." *St.*

*Amant v. Thompson*, 390 U.S. 727, 731 (1968). Plaintiff has failed to allege facts showing that Blaire entertained serious doubts as to the truth of her allegedly defamatory publication.

In this case, the three allegedly defamatory statements all state that a third party, Danie, was dead. Prior to Blaire's publication of the three allegedly defamatory statements, Plaintiff acknowledges that there were rumors that Danie had taken her own life. Although Blaire did not have a legal duty to investigate whether those rumors were true, Blaire did confront Plaintiff with the rumor and ask for her response. Plaintiff's response was a reference to a blog post that Plaintiff herself authored. In her memorandum, Plaintiff repeatedly argues that it is a simple matter to verify that someone is still alive. Rather than provide any of the evidence that Plaintiff argues Blaire could have easily obtained showing that Danie was still alive, Plaintiff gave only her word that the rumors were not true. Plaintiff's simple denial does not, as a matter of law, show that Blaire entertained serious doubts as to the truth of the allegedly defamatory statements.

Plaintiff also argues that Plaintiff offered to share "a screenshot of Danie threatening to publicly accuse [Plaintiff] of rape and abuse if [Plaintiff] didn't give [Danie] money." (Pl.'s Mem., ECF No. 35 at 8.) Whether Danie was trustworthy and/or blackmailing Plaintiff has no bearing on whether Danie was alive at the time Blaire published the three allegedly defamatory statements.

For these reasons, Plaintiff's FAC fails to state a cause of action under either claim and should be dismissed.

## II.     The FAC Fails to Allege Willful Blindness for the Same Reasons

Plaintiff argues that "[t]he FAC explicitly pleads actual knowledge and willful blindness in the alternative" and that Blaire "has waived her arguments on willful blindness." (Pl.'s Mem., ECF No. 35 at 14.) In support, Plaintiff cites a Supreme Court opinion concerning patent

infringement. *Global-Tech Applicances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011). Plaintiff then argues that the FAC adequately pleads that Blaire was willfully blind to the falsity of the allegedly defamatory statements for six reasons. (Pl.'s Mem., ECF No. 35, 14-15.) All six of those reasons are either that Plaintiff told Blaire the statements were untrue or that Blaire did not conduct enough due diligence. *Id.* As stated above, Blaire had no duty to investigate. When she did investigate, Plaintiff gave only her denial and not any of the evidence Plaintiff now argues it is a simple matter to procure showing that Danie was alive. Even if adequately alleging facts that show willful blindness met the threshold of alleging actual malice, which it does not, Plaintiff's FAC fails to adequately allege that Blaire was willfully blind in the face of only Plaintiff's word.

### III. Blaire Has Never Argued that Statements Concerning Abuse were Defamatory

Plaintiff argues that "if Defendant argues that the sexual abuse allegations at ***not*** opinion based on disclosed facts—and are, instead, statements of fact with a potentially defamatory sweep . . . Plaintiff seeks leave to amend to add a theory of liability for these statements as well, relying on the estoppel effect of that assertion." (Pl.'s Mem., ECF No. 35 at 12-13.) Blaire has not argued that the sexual abuse allegations are defamatory. Blaire only pointed out that the sole portions of the three allegedly defamatory statements that Plaintiff argues are defamatory are the portions about Danie's death. To the extent Plaintiff seeks leave to file a second amended complaint to add claims for defamation based on the sexual abuse statements, Plaintiff's request should be denied.

### IV. The FAC Fails to Allege Injury

Plaintiff argues that being on the receiving end of nasty messages constitutes injury in a defamation context. That is incorrect. Plaintiff cites to a case from the Eastern District of Texas involving death threats and a clear theory of defamation *per se* to argue that receiving nasty

4

messages, none of which constitute a death threat, suffice to show harm as required to plead defamation *per quod*. (Pl.'s Mem., ECF No. 35 at 16.) That is not the law in New York. Plaintiff must allege that she has lost something of economic or pecuniary value. *Cavallaro v. Pozzi*, 814 N.Y.S.2d 462, 465 (2006). To the extent Plaintiff seeks leave to file a second amended complaint adding examples of the messages Plaintiff received to show injury, Plaintiff's request should be denied because the most toxic messages in the world would not be enough to allege the type of injury required to sufficient plead defamation under New York law.

## V. The FAC Fails to Allege Defamation *Per Se*

Plaintiff argues that the allegation that "causing the death of another constitutes a serious crime" is enough to adequately allege defamation *per se*. (Pl.'s Mem., ECF No. 35 at 17.) That is not the law in the State of New York. Plaintiff cites to decisions in several other states that are misleading. None of them involve a situation where one party abused another and the other at a later time and in another place took their own life. Plaintiff, without citation to any relevant criminal law, states that Blaire's "accusation, if ***fully*** proven, would be actionable as manslaughter." (Pl.'s Mem., ECF No. 35 at 18.) This argument does not address Blaire's legal argument with citations to New York law and should not be given any credence. (Def.'s Mem. Supp. Mot. Dismiss FAC, ECF No. 29 at 11-13.)

## VI. The Proposed Second Amended Complaint Does Not Cure Any Deficiencies

Plaintiff's Proposed Second Amended Complaint adds only several online posts made about Plaintiff in response to the allegedly defamatory statements published by Blaire. (Pl.'s Proposed Second Am. Compl. ("SAC"), ECF No. 36-3 at 11-13.) Assuming *arguendo* that any of the statements constitutes a death threat, none of them do, their addition would fail to cure the pleading deficiencies identified in the FAC. Futility is one of the grounds upon which a motion

for leave to file an amended complaint may be denied. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Plaintiff's attempt to submit a second amended complaint that does not cure any of the defects identified by Blaire in Plaintiff's initial Complaint demonstrates that Plaintiff cannot adequately plead facts supporting either of the claims asserted. Plaintiff's FAC should be dismissed with prejudice, and Plaintiff's motion for leave to file a SAC should be denied.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that all of Plaintiff's claims be dismissed with prejudice and that Plaintiff's motion for leave to file a SAC be denied.

Date:  New York, New York
       November 13, 2023

DUFF LAW PLLC

By: /s/ Anderson J. Duff
    Anderson J. Duff (AD2029)
    43-10 Crescent St. Ste. 1217
    New York, New York 11101
    (t) 646.450.3607
    (e) ajd@hoganduff.com
    *Attorneys for Defendant*
    *Blaire White*

## CERTIFICATE OF SERVICE

The undersigned served copies of Defendant's Motion to Dismiss Plaintiff's Complaint and Defendant's Memorandum in Support of Defendant's Motion on Plaintiff via ECF.

/Anderson J. Duff/<br>
Anderson J. Duff