# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

November 28, 2023

**VIA ECF WITH COURTESY COPY VIA EMAIL**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
(e) Torres_NYSDChambers@nysd.uscourts.gov

Re:     *Eli Erlick v. Blaire White*, 23 Civ. 1017 (AT) (SDNY)
        *Joint Letter Pursuant to Judge Torres' November 22, 2023 Order* (ECF No. 38 at 1.)

Dear Judge Torres:

        Pursuant to Your Honor's November 22, 2023 Order, ECF No. 38 at 1, counsel for Plaintiff Eli Erlick ("Plaintiff") and the undersigned counsel for Defendant Blaire White ("Defendant") respectfully submit this joint letter addressing the status of discovery and settlement negotiations.

Status of Discovery:

        The Parties have not exchanged any discovery requests.  I understand from Plaintiff's counsel that they missed the Court's entry of the May 19, 2023 Case Management Plan (ECF No. 17) as it was entered during the period when their father was suddenly hospitalized before his untimely death, and Plaintiff's counsel never calendared the deadlines (which had been keyed to entry of the Order), wrongly assuming based on the time between May and early July (e.g., before their father's health suddenly worsened) the Court was de facto staying discovery pending the motion to dismiss, which would have been corrected if they did not simply miss the Order on July 10, 2023.

        In light of Defendant's position that Plaintiff has failed to state a claim upon which relief may be granted, Defendant sought to minimize the cost of litigation by waiting to see if Plaintiff would pursue the merits of the case before taking discovery. Defendant's undersigned counsel also sought to accommodate Plaintiff's counsel as they dealt with the unfortunate circumstances described above.

        The Parties apologize for their failure to abide by the deadlines in the Case Management Plan and respectfully request that the Court re-enter the Case Management Plan, ECF No. 17, and allow the Parties to meet the deadlines contained therein.

Prospect for Settlement:

        The Parties made significant progress towards settlement and spent significant time drafting a framework and trading edits on a written agreement.  In July, the Parties believed that settlement discussions would progress regardless of the pending motion to dismiss. This month, however, Defendant stated that the working settlement agreement had become too complicated and further negotiations too burdensome in light

# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

of Defendant's position that Plaintiff cannot state a claim upon which relief may be granted.  While Plaintiff disagrees with that negotiations are at all burdensome or that the draft agreement is at all complicated (particularly given that it is structurally identical to the version that existed as of the filing of ECF No. 14), given the above, she agrees it appears no more progress may be made on the settlement front.

Respectfully,

By:

Anderson J. Duff

AJD/jo

Cc:    J. Remy Green (via ECF)